# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:01CR00014 |
| v. | ) | **OPINION** |
| | ) | By: James P. Jones |
| **JAMES McCLOUD,** | ) | United States District Judge |
| Defendant. | ) | |

*Mary Kathleen Carnell, Special Assistant United States Attorney, Abingdon, Virginia, for United States; James McCloud, Pro Se Defendant.*

Defendant James McCloud, proceeding pro se, filed the present Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The United States has moved to dismiss the motion as untimely and McCloud has responded. I find that the motion is barred by the applicable statute of limitations.[1]

I

James McCloud pleaded guilty in this court to Count One of an Indictment that charged him with possession of certain firearms after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count One § 1), as well as

---

[1] McCloud has served his sentence of imprisonment but is still serving a term of supervised release.

possession of the same firearms at the same time after conviction of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9) (Count One § 2). Prior to sentencing, an issue arose as to whether McCloud had the necessary three predicate convictions in order to be eligible for a mandatory sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The three prior convictions were two 1998 convictions in this court, one for possession of an unregistered machine gun and one for possession of a sawed-off shotgun, and a 2000 conviction in the Circuit Court of Tazewell County, Virginia, for malicious wounding. McCloud argued that the malicious wounding conviction did not qualify as an ACCA predicate because he had received a diversionary sentence after a guilty plea. I ruled to the contrary, *United States v. McCloud*, 158 F. Supp. 2d 744, 748 (W.D. Va. 2001), and on October 11, 2001, I sentenced him under the ACCA to the statutory mandatory minimum 15 years of imprisonment. McCloud did not appeal.

McCloud signed and dated the present § 2255 motion on February 14, 2012. He alleges that his conviction under 18 U.S.C. § 922(g)(9) and his sentence under the ACCA are invalid. The government has moved to dismiss McCloud's motion as untimely under 28 U.S.C. § 2255(f). McCloud now asserts that his claims are

timely in light of the recent case of *Descamps v. United States*, 133 S. Ct. 2276 (2013), upon which authority he contends he is entitled to relief.²

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

>    (1)  the date on which the judgment of conviction becomes final;
>
>    (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

---

² The court earlier stayed the present proceedings awaiting the Supreme Court's decision in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), in which the Court held that a showing of actual innocence can overcome a habeas statute of limitations. *See United States v. McCloud*, No. 1:01CR00014, 2012 WL 6590153, at *2 (W.D. Va. Dec. 18, 2012). However, "actual innocence" means factual innocence and not just legal innocence, as is relied upon by McCloud. *See Calderon v. Thompson,* 523 U.S. 538, 559 (1998) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence." (internal quotation marks and citation omitted)). *McQuiggin* did nothing to change that proposition. *See McQuiggin*, 133 S. Ct. at 1928 ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations."). Accordingly, *McQuiggin* does not assist McCloud in overcoming the statute of limitations.

> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003).

Clearly, McCloud filed his § 2255 motion outside the limitation period defined under § 2255(f)(1). Because McCloud did not appeal the October 11, 2001, judgment, his conviction became final on October 23, 2001, when his opportunity to appeal expired.[3] McCloud then had one year – until October 23, 2002 – in which to file a timely § 2255 motion. Because McCloud filed his § 2255 motion, at the earliest, on February 14, 2012,[4] his claims are untimely under § 2255(f)(1). Moreover, McCloud has not alleged facts upon which his § 2255 motion could be deemed timely under § 2255(f)(2), based on the removal of a governmental impediment, or § 2255(f)(4), based on newly discovered facts.

---

[3] *See* Fed. R. App. P. 4(b)(1)(A) (former version, requiring notice of appeal to be filed 10 days after judgment); Fed. R. App. P. 26(a) (former version, excluding weekend days and holidays from computation of time periods of 11 days or less and providing that a time period ending on a weekend day or holiday would conclude on next day that was not a weekend or holiday).

[4] Generally, a prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing § 2255 Proceedings.

In *Descamps*, the Supreme Court held that in determining whether a predicate crime is a violent felony under the ACCA, a sentencing court may not use the so-called modified categorical approach when the crime in question has a single, indivisible set of elements. 133 S. Ct. at 2282. *Descamps* has not been made retroactive to apply to cases on collateral review and thus does not fall within the exception contained in 28 U.S.C. § 2255(f)(3). *See, e.g., United States v. Davis*, No. 13 C 50360, 2014 WL 1047760, at *5 (N.D. Ill. Mar. 18, 2014). While it is apparently the current policy of the Department of Justice to refrain from asserting that *Descamps* is <u>not</u> retroactive, *see Parker v. Walton*, No. 13-cv-1110-DRH-CJP, 2014 WL 1242401, at *2 (S.D. Ill. Mar. 26, 2014), there is no valid argument made here that a modified categorical approach was necessary in order to determine that McCloud's convictions were valid ACCA predicates.

### III

For the forgoing reasons, McCloud's motion will be denied as barred by the statute of limitations. A separate Order will be entered herewith.

DATED: April 8, 2014

/s/ James P. Jones  
United States District Judge